David L. Mazaroli (DM-3929)
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com

-----------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                  :
LIBERTY INTERNATIONAL INSURANCE
LTD. as subrogee and assignee of                 :    ECF CASE
Sourcetop Limited;
                                                                  :
            Plaintiff,                                   07 Civ. 6567 (SHS)
                                                                  :
    - against -                                          **COMPLAINT**
                                                                  :
AIR TIGER EXPRESS, INC.; FEDERAL
EXPRESS CORP.; FEDEX EXPRESS;           :
FEDERAL EXPRESS;

            Defendants.
-----------------------------------------------------------------x

Plaintiff, through its undersigned attorney, alleges as follows for its complaint against defendants:

1.    Plaintiff Liberty International Insurance Ltd. is corporation organized under the laws of, and with its principal place of business in, a foreign sovereign and sues herein as subrogated insurer of the cargo in suit by virtue of its insurance claim payment to Sourcetop Limited ("Sourcetop"). Plaintiff also sues herein as assignee of Sourcetop to the extent of the losses in excess of the insurance claim payment and pursuant to the assignment agreement dated September 22, 2006.

2. Defendant Air Tiger Express, Inc. ("ATE") is believed to be a corporation organized under the laws of, and with its principal place of business in, certain of the fifty states.

3. Defendant Federal Express Corp., also doing business as Fedex Express and Federal Express (collectively "FedEx"), is believed to be a corporation organized under the laws of, and with its principal place of business in, certain of the fifty states.

4. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

5. This Court has jurisdiction over the person of the defendants, who conduct business in the State of New York, including the carriage of goods to, through, and from the New York, and the provision of services with respect to such shipments.

**FIRST CAUSE OF ACTION**

6. Plaintiff repeats and realleges the allegations in paragraphs 1 through 5 of this complaint.

7. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C.A. § 1331. There is also diversity, pendent, ancillary and supplemental jurisdiction as to certain aspects of the claims in suit.

8. This cause of action arises under a treaty of the United States, specifically the Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, T.S. No. 876 (1934) reprinted in note following 49 U.S.C. Sec. 1502 (the "Warsaw Convention"), and certain amendments thereto in effect in the country of origin and destination thereto at the time of shipment. Alternatively, this

cause of action is governed by the Convention for Unification of Certain Rules for International Carriage by Air, Done at Montreal on 28 May 1999, reprinted in S. Treaty Doc. No 106-45, 1999 WL 33292734 (2000) (entered into force Nov. 4, 2003) ("Montreal Convention").

9. This action involves nondelivery, shortage and loss and to part of a shipment of 1,440 pieces of CPUs (Intel Microprocessors, CPU-P4 2.0A Tray) which are also described in GlobalTech LLC Invoices 3430, 3431 and 3432 and which were intended to move by air from Miami, Florida, to Hong Kong, as described more fully in FedEx air waybills 8518-0912-7012, 8518-0912-7023 and 8518-0912-7034 dated on or about July 23, 2005, and others. (FedEx ref.: C-627/05)

10. Said nondelivery, shortage and loss was the result of defendants' fault, wanton neglect, and willful misconduct in that defendants, their agents, servants, connecting carriers, subcontractors, terminal operators, warehousemen, and other employees failed to properly receive, handle, carry, protect, and care for the cargo in question and in that defendants had no proper and effective procedures to receive, handle, carry, protect, and care for the cargo.

11. By reason of the aforesaid plaintiff, and those on whose behalf its sues, has sustained loss in the amount of $141,840.00, no part of which has been paid although duly demanded.

12. Plaintiff sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

**SECOND CAUSE OF ACTION**

13. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 7, and 9 through 12 of this complaint.

14. When the cargo in suit was received into the care, custody and control of defendant, or entities acting on their behalf, it was in good order and condition. However, defendants failed to make delivery of the entire cargo at the intended. Instead at the time of delivery certain items were missing and have never been delivered by defendants.

15. Therefore, defendants, as common carriers, bailees, forwarders and/or warehousemen for hire, are liable to plaintiffs for the aforesaid nondelivery and loss to the cargo in suit.

**THIRD CAUSE OF ACTION**

16. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 7, and 9 through 12 of this complaint.

17. Defendants converted the missing cargo to their own usage.

**FOURTH CAUSE OF ACTION**

18. Plaintiff repeatS and reallegeS the allegations in Paragraphs 1 through 7 and 9 through 12 of this complaint.

19. Defendants agreed and promised to perform services and act as carriers or bailees of the shipments, and defendants are liable to plaintiff for breach of said agreements and of their obligations as carriers of goods for hire and/or bailees under applicable contracts or law (including federal common law) for the nondelivery, shortage and loss to the shipment.

**FIFTH CAUSE OF ACTION**

20.	Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 7, and 9 through 12 of this complaint.

21.	Defendants, or entities acting on their behalf, willfully, recklessly, or negligently and/or with gross negligence failed to exercise the degree of care in relation to the shipment which were reasonable required under the premises and/or willfully, recklessly or negligently and/or with gross negligence failed to provide adequate security measures for the shipment as were reasonably required under the premises.

22.	The nondelivery, shortage, and loss to the shipment was proximately caused by defendants' willful, reckless and/or negligent conduct.

**SIXTH CAUSE OF ACTION**

23.	Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 7, and 9 through 12 of this complaint.

24.	The nondelivery, shortage and loss to the shipment in suit was caused in whole or in part by defendants' material deviations from, and their fundamental breaches of, the governing carriage, storage and/or handling contracts, including but not limited to the failure to provide special accessorial services with respect to care and security for the shipment for which increased charges were paid.

WHEREFORE, plaintiff demands judgment against defendants jointly and severally:

  (a)	for the sum of $141,840.00;

  (b)	for prejudgment interest at the rate of 9% per annum;

  (c)	for the costs and disbursements of this action;

   (d)  for such other and further relief as this Court deems proper and just.

Dated: New York, New York
    July 20, 2007

                LAW OFFICES,
                DAVID L. MAZAROLI

                *s/David L. Mazaroli*

                _____
                David L. Mazaroli (DM 3929)
                Attorney for Plaintiff
                11 Park Place - Suite 1214
                New York, New York 10007
                Tel.: (212)267-8480
                Fax.: (212)732-7352
                E-mail: dlm@mazarolilaw.com
                File No.: 6WEC-1382